# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WAWRZYCKI, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-12278** |
| **JESSICA BALES, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] by plaintiffs Michael Wawrzycki ("Wawrzycki") and Lenore Tolcser ("Tolcser") (collectively, the "plaintiffs") to remand the above-captioned matter to Louisiana state court and for costs and attorneys' fees incurred in connection with filing this motion pursuant to 28 U.S.C. § 1447. For the following reasons, the motion is granted in part and denied in part.

## I.

This case arises out of a motor vehicle accident that injured the plaintiffs on June 25, 2018.[2] The plaintiffs sued eleven defendants in the Civil District Court for the Parish of Orleans on June 17, 2019, alleging that the accident occurred as a result of the negligence of defendant, Jessica Bales, who was operating a motor vehicle with the consent and permission of its owners, her parents, David and Anna Bales.[3]

On May 12, 2019, the plaintiffs sent a pre-suit settlement demand to the adjuster for defendant, Acuity Mutual Insurance Company's ("Acuity"), for payment

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 1, at ¶ 2.
[3] R. Doc. No. 1-2, at 1–2.

of the policy limit of $500,000.[4] The demand also included an itemized list of medical expenses incurred by Wawrzycki as a result of the accident as of that date, which totaled $11,849.51.[5]

As stated previously, plaintiffs filed suit on June 17, 2019.[6] On July 9, 2019, Wawrzycki, representing himself and Tolcser, sent a post-suit settlement offer to the defendants via email.[7] The post-suit settlement offer detailed medical treatment Wawrzycki had undergone as of July 9, 2019, and estimated Wawrzycki's damages as a result of mental and physical pain and suffering and loss of enjoyment of life; increased susceptibility to future injury; past and future medical costs; and lost earning and loss of earning capacity.[8] The offer estimated Tolcser's damages for loss of consortium and society and loss of use of her car, which was damaged in the collision.[9] While the plaintiffs deleted the estimated dollar amount in their settlement offer submitted to the Court, the plaintiffs allege, and the defendants do not dispute, that the offer was above $75,000.[10]

---

[4] R. Doc. No. 9-1, at 2; R. Doc. No. 9, at 3.
[5] R. Doc. No. 9-1, at 1.
[6] R. Doc. No. 1-2.
[7] All presently served defendants in this matter share the same counsel. R. Doc. No. 1, at 1; R. Doc. No. 5-1, at 2. The defendants do not assert that they did not receive the offer on July 9, 2019, although they did not respond to the offer until July 18, 2019. *Id.* at 5–6. Therefore, the Court assumes that the defendants did in fact receive the plaintiffs' settlement offer on July 9, 2019.
[8] R. Doc. No. 5-5, at 2–3.
[9] *Id.*
[10] *See* R. Doc. No. 5-1, at 6–7; R. Doc. No. 6, at 2.

By July 12, 2019, Anna Bales, David Bales, Acuity, Tricor, Inc. ("Tricor"), and Frontier Adjusters, Inc. ("Frontier") (collectively, the "defendants") had all been served with the petition for damages.[11]

On August 2, 2019, Wawzrycki and counsel for the defendants engaged in settlement negotiations via email that were ultimately unsuccessful.[12] All negotiations ceased after the plaintiffs refused to accept the defendants' final offer of $75,000.[13]

On August 23, 2019, the defendants removed the case to this Court on the basis of federal diversity jurisdiction by filing a Petition for Removal ("the Petition").[14] The plaintiffs filed the instant motion on August 30, 2019, arguing that the Petition is untimely because the defendants removed the case more than thirty days after they received notice that the amount in controversy exceeded $75,000.[15] The defendants filed an opposition to the motion to remand on September 16, 2019,[16] and the plaintiffs filed a reply to the opposition on September 20, 2019.[17]

---

[11] R. Doc. No. 5-1, at 2. David and Anna Bales were each served with the plaintiffs' Petition for Damages on June 22, 2019; Acuity was served on June 24, 2019; Tricor was served on June 27, 2019; and Frontier was served on July 12, 2019. *Id.* Six defendants have not been served.
[12] *See* R. Doc. No. 9-3, at 1–2.
[13] *Id.*
[14] R. Doc. No. 1, at 1.
[15] R. Doc. No. 5-1.
[16] R. Doc. No. 6.
[17] R. Doc. No. 9.

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To remove a case from state to federal court, a defendant must file a notice of removal. 28 U.S.C. § 1446(a). Section 1446(b)(1) states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28

U.S.C. § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper.'" 28 U.S.C. § 1446(c)(3)(A).

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. It is uncontested that the parties are completely diverse, as the plaintiffs are both Louisiana citizens, and none of the defendants are citizens of Louisiana.[18] However, the parties dispute when the defendants received an "other paper" from which it could first be ascertained that the amount in controversy exceeded $75,000 and triggered the defendants' thirty days to remove the case under § 1446(b)(3).[19]

**III.**

The plaintiffs argue that the Petition is untimely because it was filed more than thirty days after July 12, 2019, the day the last defendant was served with the Petition for Damages.[20] The plaintiffs also argue that the defendants had notice that the amount in controversy exceeded $75,000 based on the pre-suit settlement demand sent on May 12, 2019.[21]

---

[18] R. Doc. No. 1, at 2; R. Doc. No. 5-1, at 1.
[19] R. Doc. No. 1, at 2; R. Doc. No. 5-1, at 2.
[20] R. Doc. No. 5-1, at 5. Frontier is the only defendant who was not served prior to July 9, 2019, the date of the plaintiffs' post-suit settlement offer. *Id.* at 2.
[21] *Id.* at 7; R. Doc. No. 9, at 3.

5

The defendants argue in response that the thirty-day period to remove did not start to run until August 2, 2019, when the plaintiffs definitively rejected their settlement offer of $75,000.[22] The defendants contend that the "[p]laintiffs' argument is based upon initial settlement demands in this case, which were obviously simply starting points for further settlement discussions."[23] The defendants further argue that "[w]hile plaintiffs' initial Settlement Offer was above $75,000, plaintiffs substantially reduced their demand throughout the August 2, 2019 settlement negotiations—providing more evidence that the initial offer was a mere starting point," and "did not accurately identify the true amount in controversy[.]"[24]

The defendants also argue that Wawrzycki's rather limited medical care and costs, as detailed in the July 9, 2019 settlement offer, did not put them on notice that the amount in controversy exceeded $75,000, because the offer "admits that the physical therapy was helping" and "that [Wawzrycki] ha[d] not received any injections, invasive treatment, or surgical recommendations."[25] Additionally, the defendants note that "plaintiffs agreed to provide defendants with an extension to file responsive pleadings until August 23, 2019."[26]

---

[22] R. Doc. No. 6, at 2–3.
[23] *Id.* at 2.
[24] *Id.* at 2, 5.
[25] *Id.* at 5.
[26] *Id.* at 2. Defendants appear to argue that this extension of time also extended their time to remove the case to federal court. *Id.* Defendants cite no authority for this position. Neither state nor federal courts can extend the statutory period of time within which cases may be removed to federal court and, therefore, parties certainly cannot extend this time by informal agreement. *See VOA Nat. Housing Corp. v. Instar Services Group, LP*, No. 14-1037, 2014 WL 6698317 (E.D. La. Nov. 26, 2014) (Milazzo, J.).

6

Pre-suit documents are not "other papers" for the purpose of commencing the removal clock because "[t]he plain language of [§ 1446(b)(3)] requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). "[Section 1446(b)] applies by its terms only 'if the case stated by the initial pleading is not removable[,]'" and thus there must be an initial pleading before the "other paper" is received. *Id.* (quoting § 1446(b)(3)). Therefore, the plaintiffs' pre-suit settlement demand on May 12, 2019 did not trigger the defendants' thirty days to remove the case to federal court because the plaintiffs' initial pleading was not filed until June 17, 2019.[27]

A post-complaint settlement demand letter, which is not plainly a sham,[28] may be an "other paper" under § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000). In *Addo*, defendant offered plaintiff a $5,000 settlement, to which plaintiff countered with an offer to settle the suit for $250,000. *Id.* at 760 n.1. The defendant did not remove the case until months later, after plaintiff refused to confirm that the amount in controversy did not exceed $75,000. *Id.* at 760. The Fifth Circuit found that plaintiff's demand letter "gave [defendant] notice that the amount in controversy exceeded $75,000," and defendant's removal was untimely. *Id.* at 761.

---

[27] R. Doc. No. 1-2.
[28] The defendants do not allege that the plaintiffs' post-suit settlement offer was a sham.

7

Notwithstanding the defendants' arguments that the July 9, 2019 settlement offer did not accurately reflect the amount of damages that the plaintiffs could likely prove, or the amount of damages that a jury would likely award, the defendants do not dispute that the offer exceeded the $75,000 jurisdictional limit.[29] Therefore, the plaintiffs' post-suit settlement offer on July 9, 2019 was "other paper" sufficient to trigger the period of removability under § 1446(b)(3) for all defendants besides Frontier. Frontier was not served until July 12, 2019, and the earlier-served defendants could have consented to and joined in removal with Frontier anytime within Frontier's thirty-day period.[30] *See* § 1446(b)(2)(C). Accordingly, all of the defendants had thirty days from July 12, 2019 to remove the case, but failed to do so until August 30, 2019.[31] The Petition is, therefore, untimely.

## IV.

The plaintiffs also seek costs and attorneys' fees pursuant to § 1447(c).[32] Such an award is within the discretion of the court. *Lee v. Advanced Fresh Concepts Corp.*, 76 F. App'x 523, 524 (5th Cir. 2003). "A court should not award fees when 'the defendant had objectively reasonable grounds to believe the removal was legally proper' at the time of removal." *Id.* (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). The Court exercises its discretion and declines to award costs and attorneys' fees.

---

[29] R. Doc. No. 6, at 2
[30] R. Doc. No. 5-1, at 2.
[31] *See* R. Doc. No. 1.
[32] R. Doc. No. 5, at 1.

8

## V.

Accordingly,

**IT IS ORDERED** that Michael Wawrzycki and Lenore Tolcser's motion to remand is **GRANTED** and that their motion for attorney fees and costs is **DENIED**. The above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, October 3, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**